# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| LOOK BRANDS, LLC and MARIETTA CROSSING LLC, § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No._____ |
| § | |
| ZURICH NORTH AMERICAN INSURANCE COMPANY, § § § § | |
| Defendant. § | |

## COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY RELIEF AND BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff LOOK Brands LLC ("LOOK") and Marietta Crossing LLC ("Marietta Crossing") (collectively "Plaintiffs"), by and through undersigned counsel, bring their Complaint against Zurich North American Insurance Company ("Zurich") and allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs seek damages, declaratory judgment and other identified relief with respect to Zurich's material breaches and repudiation of its duties to indemnify its insureds under a Commercial Liability insurance policy sold to LOOK and covering Marietta Crossing. In direct violation of the insurance contract, Zurich has failed and refused to acknowledge or undertake its obligations in connection with a covered loss sustained by Plaintiffs. Despite demand therefor, Zurich has failed and refused to indemnify Plaintiffs or to acknowledge its obligations to pay for

covered losses sustained, despite Plaintiffs' full compliance with their obligations under the subject insurance policy.

2.      Defendant Zurich American Insurance Company issued a Commercial Liability insurance policy providing $13,823,000 in coverage for the specifically scheduled property where Plaintiffs' losses occurred, for the period at least including March 15, 2022 through June 4, 2022. Among other things, the Zurich Policy agrees to pay for "direct physical loss of or damage to 'real property' and 'personal property' at a 'premises' directly caused by a 'covered cause of loss,'" specifically defined by Zurich to include vandalism, incurred during the policy period. Plaintiffs' claim involves direct physical loss and damage to real and personal property at a 'scheduled property' identified in the Zurich Policy, incurred during the policy period. Plaintiffs' covered losses, as determined by a professional adjuster, exceed **$18,800,000** which, after depreciation called for in the Zurich Policy result in a covered loss exceeding $14,770,000, requiring Zurich to pay the entirety of the applicable limit of liability under the Zurich Policy for the claimed loss.

## THE PARTIES

3.      Plaintiff LOOK Brands LLC is a limited liability company formed and existing pursuant to the laws of the State of Texas, with its principal place of business in Dallas, Texas. LOOK is the first-named insured as well as the "Loss Payee" under the Zurich Policy.

4.      Plaintiff Marietta Crossing LLC is a limited liability company formed and existing pursuant to the laws of the State of Texas, with its principal place of business in Dallas, Texas.

5.      Defendant Zurich American Insurance Company is an insurance company organized under the laws of the State of New York, with its principal place of business in Schaumburg, Illinois. At all times relevant, Zurich was and is authorized to do business in the State of Texas and regularly engages in the business of insurance in Texas, including the issuance

of the insurance policy that is the subject of this suit to its insureds, both Texas Limited Liability Companies.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction of this action under 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists because: (1) there is complete diversity of citizenship between Plaintiffs and Zurich; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This court has personal jurisdiction over the Defendant because Zurich, a nonresident, at all times relevant to the claims asserted herein conducted business within this State and this judicial district, in that it contracted with a Texas resident to provide insurance, covering (among other things) property in Texas, and performance (or non-performance, as the case may be) took place in Texas. Specifically, Zurich issued insurance: (i) that was solicited, negotiated, signed and delivered in Dallas, Texas; (ii) through a Texas insurance broker; (iii) to insured Texas entities; (iv) covering real property in Texas and elsewhere; and (v) specifying that losses would be paid in Texas. Additionally, Zurich holds a certificate of authority issued by the Texas Department of Insurance to transact the business of insurance in Texas and has designated a registered agent in Texas to accept service of process.

8. Venue in this Court is proper under 28 U.S.C. §§ 1391(b)(2), (b)(3), (c)(3) and (d) since the subject insurance contracts were made and delivered in this judicial district, and a substantial part of the events giving rise to the claim occurred in this judicial district.

## THE ZURICH INSURANCE POLICY

9. In consideration of a substantial premium paid, Defendant Zurich issued Professional Liability Policy No. CCP 4482673-00 for the period June 4, 2021 through June 4,

2022 (the Zurich Policy") naming "LOOK Brands LLC" as the first-named insured. Effective March 15, 2022, "Marietta Crossing LLP Property Exposures" were added to the Zurich Policy, and the Commercial Property Coverage Part was expanded to include "Property No. 13," located at 70 Powers Ferry Road, SE, Marietta, Georgia, insured for "loss" in the amount of $13,823,000. A true and correct copy of the Zurich Policy is attached as Exhibit 1 to this Complaint.

10. Any potential limitation or applicable condition precedent that must be met before Zurich must indemnify its insureds under the Zurich Policy has been satisfied or waived by Zurich, and Zurich is estopped from asserting that its coverage obligations have been triggered.

11. The Zurich Policy requires Zurich to indemnify Plaintiffs for "direct physical loss of or damage to 'real property' and 'personal property' at a 'premises' directly caused by a 'covered cause of loss'" incurred during the policy period and within Zurich's limits of liability. "Covered cause of loss" is defined in the Zurich Policy to include vandalism. Plaintiffs' claim involves direct physical loss and damage to real and personal property at a 'scheduled property' identified in the Zurich Policy, incurred during the policy period, caused by theft and vandalism.

## THE MARIETTA LOSS

12. On May 19, 2022 Marietta Crossing first learned it had suffered a covered loss by theft and vandalism at 70 Powers Ferry Road, SE, Marietta, Georgia, a commercial development specifically scheduled as "Property No. 13" in the Zurich Policy (the "Marietta Loss"). The thieves and vandals unlawfully and forcibly entered a former Harry's Famer's Market (Whole Foods Grocery) tenant space in the development. Among other things, copper electrical and plumbing lines, valuable wiring, lighting fixtures, coolers, condensers, control units and HVAC components were stolen. Additionally, the electrical systems serving the entire shopping center and parking lots were removed, and the backup generator was stripped of its copper components.

4

Water lines were also removed from the premises. The remaining equipment within the space sustained extensive damage, rendering it inoperable and beyond repair, including electrical equipment, circuit breakers, lighting systems, communications systems, and the sprinkler system. All security systems were also damaged beyond repair. Walls were removed, doors were broken and the roof was punctured in places, requiring repair or replacement. Damaged flooring and walls also required repair or replacement. Significant improvements, such as multiple walk-in coolers, were stolen or damaged, and require replacement, as well.

13. The professional adjuster retained by Plaintiffs determined the covered direct physical loss of or damage to property incurred by Plaintiffs, following all protocols of the Zurich Policy, exceed Zurich's applicable limit of liability, and total $18,800,000, more than the applicable coverage under the Zurich Policy.

## PLAINTIFFS' CLAIM FOR COVERAGE FOR THE MARIETA LOSS

14. Plaintiffs provided timely notice of the Marietta Loss to Zurich and requested that Zurich indemnify them from and against the property loss sustained at Property No. 13. Thereafter, Plaintiffs complied with all obligations under the Zurich Policy, including investigation of the extent of the covered loss, compilation and itemization of the covered losses, retention of a professional adjuster to quantify the loss and provision of the adjuster's findings to Zurich, cooperation with Zurich's reasonable requests for information and documentation and submission of Proofs of Loss demanded by Zurich.

15. The covered direct physical loss of or damage to property incurred by Plaintiffs sustained at Property No. 13 in Marietta, Georgia is covered by the Zurich Policy, and does not come within any exception to or exclusion from coverage.

16. Specifically, Zurich was and is obligated to pay "direct physical loss of or damage to 'real property' and 'personal property' at a 'premises' directly caused by a 'covered cause of loss'" incurred during the policy period. The Zurich Policy defines "covered cause of loss" to include vandalism. Plaintiffs' claim involves direct physical loss and damage to real and personal property at a 'scheduled property' identified in the Zurich Policy, incurred during the policy period.

17. The Zurich Policy responds immediately to Plaintiffs' covered losses. Plaintiffs' losses well exceed the limit of liability assigned to Property No. 13. Zurich's failure to timely provide coverage has lead, at least in part, to Plaintiffs' inability to properly restore the insured premises and to provide necessary services to tenants at the property, directly leading to the inability to attract an anchor tenant, threatening the loss of further tenants on the covered property, and jeopardizing Plaintiffs' ability to maintain the covered property as a viable ongoing commercial concern.

18. Furthermore, Plaintiffs' losses are continuing, caused at least in part by Zurich's failure and refusal to comply timely with its contractual obligations to indemnify Plaintiffs for its covered losses under the Zurich Policy.

19. Zurich has failed and refused, and continues to fail and refuse, to provide Plaintiffs their bargained-for indemnification under the Zurich Policy. Indeed, as of the filing of this Complaint, some fourteen (14) months after receiving notice of the claim, Zurich has failed and refused to even provide a coverage position, let alone indemnify its insureds. Instead, Zurich has failed to timely investigate the Marietta Loss, failed to timely respond to inquiries of its insureds or their agents, and has manufactured supposed technical violations and made baseless claims it is "diligently" investigating, all inappropriate and unjustified "stall tactics" intended to keep Zurich

from having to comply with its contractual obligations. Furthermore, Zurich has serially made requests to Plaintiffs for the same information documentation previously requested—and provided by Plaintiffs—in an effort to claim Zurich was being "diligent" in its investigation. Lastly, Zurich demanded the submission of a sworn Proof of Loss on multiple occasions, to which Plaintiffs complied each time, yet Zurich has failed to agree to cover **any** of the amounts claimed by its insureds. Instead, Zurich has demanded multiple site inspections, opened a fraud investigation with respect to the Marietta Loss questioning Plaintiffs involvement in the vandalism and theft, and have sent inspectors to the insured property unannounced, who have disrupted and harassed Plaintiffs' tenants on the subject property. Plaintiffs are informed and believe that Zurich opened its fraud investigation *after* being informed by local police authorities that the vandalism and theft was committed by a professional ring of well-organized thieves, several of whom had been arrested. Simply stated, there is no legitimate reason why Zurich has failed to even acknowledge, let alone comply with, its insuring obligations to Plaintiffs under the Zurich Policy.

20. Plaintiffs have performed in a timely manner all conditions and covenants to be performed under the Zurich Policy, save and except those excused by Zurich's material breaches, or for which Zurich has waived the right to assert or is estopped from asserting, as alleged herein.

21. Accordingly, Plaintiffs seek damages for breach of contract for Zurich's failure to indemnify Plaintiffs by paying any amounts towards Plaintiffs' covered losses in connection with the Marietta Loss.

22. Plaintiffs also seek declaratory relief to determine the scope of Zurich's obligations under the Zurich Policy.  Specifically, Plaintiffs seek a declaration that: (1) the Zurich Policy contains a grant of coverage for "Property No. 13" in Marietta, Georgia, with a location-specific limit of liability of $13,823,000; (2) the Marietta Loss is a covered under the Zurich Policy; and

(3) through dilatory actions and inaction, as well as its material breaches of contract, Zurich has waived or forfeited as a matter of law, or is estopped from asserting, any condition to or limitation on coverage in the Zurich Policy purportedly running in favor of Zurich with respect to the Marietta Loss.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

23. Plaintiffs repeat and reallege the allegations set forth in the paragraphs 1-22 of this Complaint as if fully set forth herein.

24. Pursuant to the terms of the Zurich Policy, Zurich agreed to pay for "direct physical loss of or damage to 'real property' and 'personal property' at a 'premises' directly caused by a 'covered cause of loss'" incurred during the policy period. The Zurich Policy specifically defined "covered cause of loss" to include vandalism. Plaintiffs' claim involves direct physical loss and damage to real and personal property by theft and vandalism, at a 'scheduled property' identified in the Zurich Policy, incurred during the policy period.

25. Plaintiffs are "insureds" under the Zurich Policy and have incurred the losses that comprise their claim to Zurich.

26. The Marietta Loss falls within the scope of coverage of the Zurich Policy, thus triggering Zurich's obligation to indemnify Plaintiffs from and against direct physical loss of or damage to 'real property' and 'personal property' incurred within the limits of the Zurich Policy. No policy exclusions apply.

27. Plaintiffs have performed and/or fully complied with all terms, conditions, and prerequisites to coverage as set forth in the Zurich Policy, or have been excused from compliance with such terms, conditions, or prerequisites as a result of Zurich's material breaches and/or other conduct as set forth herein.

28. Zurich's actions an inaction, as identified in this Complaint, constitute material breaches of its contractual obligations under the Zurich Policy, without substantial justification.

29. As a direct, proximate and foreseeable result of Zurich's material breaches of its duty to indemnify Plaintiffs, Zurich has deprived Plaintiffs of the benefit of the described insurance coverage under the Zurich Policy for which substantial premiums were paid.

30. As a direct and proximate result of Zurich's breaches of its duty to indemnify Plaintiffs, Plaintiffs have suffered and continue to suffer direct and consequential damages in amounts to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Anticipatory Breach of Contract)

31. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-30 of this Complaint as if fully set forth herein.

32. Pursuant to the terms of the Zurich Policy, Zurich agreed to pay for "direct physical loss of or damage to 'real property' and 'personal property' at a 'premises' directly caused by a 'covered cause of loss'" incurred during the policy period. The Zurich Policy specifically defined "covered cause of loss" to include vandalism. Plaintiffs' claim involves direct physical loss and damage to real and personal property by vandalism and theft, at a 'scheduled property' identified in the Zurich Policy, incurred during the policy period.

33. The Marietta Loss falls within the scope of coverage of the Zurich Policy, thus triggering Zurich's obligation to indemnify Plaintiffs from and against direct physical loss of or damage to 'real property' and 'personal property' incurred within the limits of the Zurich Policy. No policy exclusions apply.

34. Plaintiffs have performed and/or fully complied with all terms, conditions, and prerequisites to coverage as set forth in the Zurich Policy, or have been excused from compliance

with such terms, conditions, or prerequisites as a result of Zurich's material breaches and/or other conduct as set forth herein.

35. Zurich has, explicitly and through inaction and delay, denied or repudiated any obligation to provide coverage to Plaintiffs for the Marietta Loss, as required under the Zurich Policy.

36. Zurich's actions, inactions and delay, as described in this Complaint, constitute anticipatory breaches of its contractual obligations to Plaintiffs under the Zurich Policy.

37. As a direct, proximate, and foreseeable result of Zurich's anticipatory breaches of the Zurich Policy, Zurich has and will continue to deprive Plaintiffs of the benefit of insurance coverage under the Zurich Policy for which substantial premiums were paid.

38. As a direct and proximate result of the Zurich's anticipatory breaches of its obligations under the Zurich Policy, Plaintiffs have suffered and will continue to suffer direct and consequential damages in amounts to be determined at trial.

## THIRD CLAIM FOR RELIEF
**(Declaratory Relief)**

39. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-38 of this Complaint as if fully set forth herein.

40. Pursuant to the terms of the Zurich Policy, Zurich agreed to pay for "direct physical loss of or damage to 'real property' and 'personal property' at a 'premises' directly caused by a 'covered cause of loss'" incurred during the policy period. The Zurich Policy specifically defined "covered cause of loss" to include vandalism. Plaintiffs' claim involves direct physical loss and damage to real and personal property by vandalism and theft, at a 'scheduled property' identified in the Zurich Policy, incurred during the policy period. Furthermore, by virtue of its material breaches, Zurich has waived, or is estopped from asserting any potential

limitation or applicable condition precedent that must be met under the Zurich Policy. This includes, without limitation, any attempt to assert an appraisal process is required before suit, since Zurich has been in receipt of Plaintiffs' Proof of Loss for months without any response, thus there is no legitimate disagreement as to the amount of the claim being asserted. This also includes a request for examination under oath, made for the pretextual purpose of seeking reasons to deny, rather than investigate, the claim.

41. Zurich, through its actions and inaction (including failure to pay Plaintiffs' claim or even take a coverage position for over a year), disputes its obligations to indemnify Plaintiffs from and against the Marietta Loss as required under the Zurich Policy.

42. Under 28 U.S.C. § 2201, an actual, present, and justiciable controversy now exists between Plaintiffs and Zurich regarding the existence and scope of Plaintiffs' rights and Zurich's obligations to Plaintiffs under the Zurich Policy with respect to the Marietta Loss on at least the following issues:

    (1)    The scope of Zurich's obligations under the Zurich Policy including, without limitation, a declaration that the Zurich Policy contains a grant of coverage for "Property No. 13" located in Marietta, Georgia, with a location-specific limit of liability of $13,823,000;

    (2)    The Marietta Loss is covered under the Zurich Policy; and

    (3)    Through dilatory actions and inaction, as well as its material breaches of contract, Zurich has waived or forfeited as a matter of law, or is estopped from asserting any condition to, limitation on coverage, or insisting on compliance with any provision in the Zurich Policy purportedly running in favor of Zurich with respect to the Marietta Loss.

43. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is empowered to enter a declaratory judgment determining the parties' rights, duties and obligations under the Zurich Policy. Specifically, Plaintiffs are entitled to a declaration that, pursuant to the terms of the Zurich Policy, Zurich is obligated to indemnify Plaintiffs from and against the Marietta Loss, consistent with the terms of the Zurich Policy, up to the applicable limits of liability of the Zurich Policy.

### FOURTH CLAIM FOR RELIEF
(Breach of Duty of Goof Faith and Fair Dealing)

44. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-43 of this Complaint as if fully set forth herein.

45. Due to the special relationship between insurers and insureds under Texas law, Zurich owes Plaintiffs a duty of good faith and fair dealing.

46. The breaches, actions, inaction and delay tactics undertaken by Zurich as alleged in this Complaint constitute a biased, pretextual investigation of Plaintiffs' claim, intended to construct a basis for Zurich's denial, and are breaches of the implied covenant of good faith and fair dealing incorporated into every contract in Texas. Zurich has made no effort to objectively investigate Plaintiffs claim for the Marietta Loss.

47. Zurich has unreasonably ignored and functionally denied Plaintiffs' claim and delayed claims payments owed to Plaintiffs, even though Zurich knows or reasonably should know liability is clear. Furthermore, Zurich knows it has no legitimate reasonable basis for its inaction, stall tactics and functional denial of Plaintiffs' claim.

48. Zurich is aware its actions, inactions, delay tactics and pretextual basis for denial would probably result in extraordinary harm to Plaintiffs, not ordinarily associated with breach of

contract or bad faith denial, in the form of possible financial ruin and loss of Property No. 13 by virtue of Zurich's non-payment of covered losses.

49. Zurich's actions, inactions, delay tactics and pretextual investigation seeking a basis for denial of Plaintiffs' valid claim were and are intentional, and constitute malicious, intentional, fraudulent or grossly negligent conduct, justifying the imposition of punitive damages.

50. As a direct and proximate result of Zurich's breach of the covenant of good faith and fair dealing, Plaintiffs have suffered and will continue to suffer direct and consequential damages in amounts to be determined at trial. In addition, Plaintiffs have been forced to hire attorneys to force Zurich to provide the bargained-for benefits under the Zurich Policy, which efforts are ongoing and will be determined at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs LOOK Brands, LLC and Marietta Crossing LLC pray for relief and request judgment as follows:

(a) On the First Claim for Relief, for compensatory and consequential damages in an amount to be determined at trial;

(b) On the Second Claim for Relief, for compensatory and consequential damages in an amount to be determined at trial;

(c) On the Third Claim for Relief, for a declaratory judgment in favor of Plaintiffs and against Zurich declaring, among other things:

1. The scope of Zurich's obligations under the Zurich Policy including, without limitation, a declaration that the Zurich Policy contains a grant of

        coverage for "Property No. 13" located in Marietta, Georgia, with a location-specific limit of liability of $13,823,000;

2. The Marietta Loss is covered under the Zurich Policy; and

3. Through dilatory actions and inaction, as well as its material breaches of contract, Zurich has waived or forfeited as a matter of law, or is estopped from asserting any condition to, limitation on coverage, or insisting on compliance with any provision in the Zurich Policy purportedly running in favor of Zurich with respect to the Marietta Loss.

(d) On the Fourth Claim for Relief, for compensatory and consequential damages in an amount to be determined at trial, for attorneys' fees incurred by Plaintiffs to force Zurich to provide the bargained-for benefits under the Zurich Policy, and for exemplary and punitive damages;

(e) On all Claims for Relief, all costs incurred as a consequence of being forced to prosecute this lawsuit to obtain benefits of the insurance contract, including attorneys' fees;

(f) All interest on the above amounts as allowed by law, including pre-judgment and post-judgment interest; and

(g) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: September 6, 2023                    Respectfully submitted,

**McKool Smith, P.C.**

/s/ *Robert M. Manley*
Robert M. Manley SBN 787955
Avery Williams SBN 24075282
300 Crescent Court, Suite 1500
Dallas, Texas 75201
rmanley@mckoolsmith.com
awilliams@mckoolsmith.com

*Attorneys for Plaintiffs*
**LOOK BRANDS, LLC** and
**MARIETTA CROSSING LLC**

4891-0528-9598